(95 Misc. Rep. 534)

### CHRISTATOS v. NEW ENGLAND CASUALTY CO.

(Supreme Court, Appellate Term, First Department. June 22, 1916.)

1. INSURANCE ☞539(3)—INDEMNITY INSURANCE—CONDITION—CONSTRUCTION.
   Where a storekeeper's indemnity insurance policy is conditioned by a requirement that the insured give immediate notice of any accident to defendant, and give like notice of any claim being made on account of the accident, such condition means that insured shall give immediate notice after he has become apprised of the accident, or would have become apprised, had he exercised reasonable diligence.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1329; Dec. Dig. ☞539(3).]

2. INSURANCE ☞539(3)—INDEMNITY INSURANCE—DUTY OF INSURED.
   A storekeeper carrying indemnity insurance, conditioned that he give immediate notice to the insurer of any accident, is under duty to so regulate his business that he may be apprised with reasonable certainty of any accident that may occur in its conduct.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1329; Dec. Dig. ☞539(3).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. INSURANCE ☞539(3)—INDEMNITY INSURANCE—OBLIGATION OF INSURED.

Where, despite the exercise of reasonable care, a storekeeper carrying indemnity insurance fails to acquire knowledge of an accident until after a lapse of time, but, upon its acquisition, he promptly notifies the insurance company, he complies with his obligation under the policy to give immediate notice.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1329; Dec. Dig. ☞539(3).]

4. INSURANCE ☞665(7)—INDEMNITY INSURANCE—COMPLIANCE WITH CONDITION OF POLICY—SUFFICIENCY OF EVIDENCE.

In an action on a storekeeper's policy of indemnity insurance, evidence as to whether insured notified insurer of an accident promptly after he or his representatives learned of it, as required by the policy, *held* not to support verdict for plaintiff.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1723, 1724, 1726, 1727; Dec. Dig. ☞665(7).]

Appeal from City Court of New York, Trial Term.

Action by Nicholas Christatos against the New England Casualty Company. From a judgment for plaintiff, defendant appeals. Judgment reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

James I. Cuff, of New York City, for appellant.

Albert I. Sire, of New York City (Bennett E. Siegelstein and William L. Stone, both of New York City, of counsel), for respondent.

GUY, J.   [1-3] Plaintiff has recovered a judgment against defendant, insurer on a policy of accident insurance. It appears that on or about July 5, 1913, one O'Brien was injured accidentally in plaintiff's store; that one year afterwards, in July, 1914, plaintiff, having had no notice of the accident, as he claims, was served with a summons in an action brought against him by O'Brien to recover damages for the injuries; that plaintiff thereupon notified the defendant of the suit, but that defendant's attorney claimed that, because of the failure of the insured to give the insurer immediate notice, it was not liable on the policy; that plaintiff accordingly retained counsel for the trial of the accident case, in which judgment was recovered for $150; and this action is on the policy to recover for the amount paid in satisfaction of that judgment and also for reasonable counsel fees.

The defense is that plaintiff failed to perform the condition of the policy requiring him to give immediate notice of the accident to the defendant, and in the event of a claim being made on account of the accident to give like notice of such claim. The condition of the policy is to be interpreted as meaning that the insured shall give immediate notice after the insured has become apprised of the accident, or should have become so apprised, had he exercised reasonable diligence. There is therefore cast upon him the duty of so regulating his business that he may be apprised with reasonable certainty of any accident that may occur in its conduct. If, despite the exercise of reasonable care, the insured fails to acquire the information till after a lapse of time, but on its acquisition gives prompt notice to the insurance company, he complies with the obligation of the policy. Wool-

verton v. Fidelity & Casualty Co., 190 N. Y. 41, 47, 48, 82 N. E. 745, 16 L. R. A. (N. S.) 400.

[4] O'Brien, the injured man, identified plaintiff's manager, Ezechel, in court as having been present at the time of the accident, and having been present when O'Brien was picked up by two other men who were in the store at the time, and testified that he remained in the store for five minutes, then limped out of the store, accompanied by one of plaintiff's clerks, and that plaintiff's manager, Ezechel, came over to the place where plaintiff fell. Ezechel, called as a witness by plaintiff, denied absolutely having any knowledge as to the happening of the accident; but, when cross-examined as to testimony given by him on a former trial in which O'Brien was plaintiff, admitted testifying that he remembered seeing plaintiff leave the store with somebody from the store, and that when that person came back he asked for what reason he left the store with O'Brien, and that he replied that the boy scratched himself; and when on said former trial he was asked the question, "Q. Then you did know something about this thing having happened?" he answered, "A. Surely." In view of these admissions as to what he testified to on a former trial, Ezechel's denial of knowledge of the happening of the accident was entirely unworthy of credence, and the jury were not justified in basing a verdict on such denial. There is, however, further uncontradicted evidence of actual notice of the happening of the accident given to plaintiff's representative in charge of his business on July 9th, four days after the accident, and again on July 24, 1913, and that plaintiff's son opened the letter of July 24th, and replied thereto on the letter head of the plaintiff on July 29th.

Plaintiff's son, called as a witness by plaintiff, admitted that one of these letters was opened by him and answered by him, and that he had authority to open the mail during his father's absence in Europe. These letters would constitute, under the law of the case as laid down in the charge made by the trial judge to the jury, sufficient notice to plaintiff of the happening of the accident to O'Brien to render it obligatory upon plaintiff, under the terms of the policy of insurance, to give immediate notice thereof to the company. In finding in favor of the plaintiff the jury have not only given undue credence to the denial by plaintiff's manager of knowledge of the happening of the accident, which denial was entirely discredited by admissions made upon a former trial, but have utterly disregarded the proof of written notice addressed to plaintiff at plaintiff's place of business shortly after the happening of the accident, whereby those left by plaintiff in charge of plaintiff's business becames possessed of knowledge of the happening of the accident. The verdict of the jury, therefore, was against the overwhelming weight of evidence, and cannot be allowed to stand.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.